UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MEREDITH ARDEN,<br>    Plaintiff | :<br>:<br>: |
| v. | :    C.A. No. |
| SEMAJ HEALTH AND WELLNESS and<br>TASIA HENDERSON,<br>    Defendants | :<br>:<br>:<br>: |

## COMPLAINT

### I. Introduction

1. This is an action brought by Plaintiff against the Defendants seeking compensatory, and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, arising out of the unlawful failure to pay minimum wage and overtime compensation owed to the Plaintiff and misclassifying her as an independent contractor in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.*, §28-14-1, *et seq.*

### II. Parties

2. The Plaintiff, Meredith Arden, at all times relevant to this action, was a resident of the City of Pawtucket, County of Providence, State of Rhode Island, and was an employee, within the meaning of the FLSA and the RIMWA, employed by the Defendants.

3. Defendant Semaj Health and Wellness ("Semaj") is a Rhode Island corporation with its principal place of business located in the City of Warwick, County of Kent, State of Rhode Island.

4. Defendant Tasia Henderson ("Henderson") is the owner, president, director, manager, and/or officer and agent of Defendant Semaj. Defendant Henderson has acted, at all

times material herein, directly and indirectly in the interest of Defendant Semaj relative to its employees and was, and is, therefore, an employer of the Plaintiff within the meaning of the FLSA and the RIMWA.

5. At all relevant times, Defendant Semaj was engaged in the practice of providing consultations for alternative medicine and medical cannabis recommendations to clients suffering from chronic mental health conditions and was the Plaintiff's employer within the meaning of 29 U.S.C. §203(d).

6. At all relevant times, Defendant Henderson was the President and CEO of and had operational control over Defendant Semaj and was therefore also the Plaintiff's employer within the meaning of 29 U.S.C. §203(d). *See Donovan v. Agnew*, 712 F.2d 1509 (1st. Cir. 1983) ("The overwhelming weight of authority is that a corporate officer with operational control … is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."); s*ee also Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein.*

### III. Jurisdiction

7. This Court has jurisdiction over the Plaintiff's 29 U.S.C. §201 claim pursuant to 28 U.S.C. §1331, 1367, 2201 and 2202, and supplemental jurisdiction over the Plaintiff's claims under the RIMWA pursuant to 28 U.S.C. §1367.

### IV. Venue

8. Venue is proper in this Court insofar as the Defendants do business in the State of Rhode Island and therefore are deemed to reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391. Furthermore, venue is proper insofar as a substantial

part of the events or omissions giving rise to the within claim occurred in this judicial district in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

9. On or about August 3, 2021, the Plaintiff was hired by the Defendants as a Behavioral Health Nurse Practitioner.

10. Prior to her employment, the Plaintiff had an extensive conversation with Defendant Henderson stating she would need to receive either a net bi-weekly salary of $6,000.00 or a net monthly salary of $12,000.00 in order for it to be feasible to work for Defendants.

11. The Defendants agreed to pay the Plaintiff her requested amount and stated that she would be paid on a weekly basis, via direct deposit, through Gusto Payroll Services.

12. Upon commencing employment with Defendants, the Plaintiff contacted Gusto Payroll Services and established an account to receive paychecks via direct deposit.

13. That the Defendants misclassified the Plaintiff's employment status as an independent contractor, when the Plaintiff should have been considered and paid as an employee of the Defendants.

14. During all relevant times, the Defendants maintained control of their working relationship with the Plaintiff, including, but not limited to, providing work supplies and equipment, providing a regular office location, billing for services provided by the Plaintiff, communicating directly with patients treated by the Plaintiff, and scheduling patient visits.

15. The Defendants improperly reported the Plaintiff's 2021 wages on a Form 1099.

16. Although she was informed that she would be paid on a weekly basis, the Plaintiff did not receive her first paycheck until November 26, 2021 in the amount of $1,108.12.

17. From August, 2021 until November, 2021, the Plaintiff complained to the Defendants that she was not compensated for work performed.

18. Because the Plaintiff was not paid for all compensable hours during several work weeks, the Plaintiff was paid below the federal and state minimum wage for several pay periods.

19. The FLSA and the RIMWA require an employer, like the Defendants, to pay its employees a minimum wage for each hour worked. 29 U.S.C. §206(a)(1); R.I.G.L. §28-12-3.

20. As stated above, the Plaintiff was not paid for all work performed.

21. During the Plaintiff's employment with the Defendants, the Defendants required the Plaintiff to work hours in excess of forty (40) hours most workweeks without pay or overtime pay. In fact, on average, the Plaintiff worked 45-50 hours per week.

22. During her employment, the Plaintiff was paid below the federal and state minimum wage.

23. The FLSA and the RIMWA require an employer, like the Defendants, to pay its employees a minimum wage for each hour worked. 29 U.S.C. §206(a)(1); R.I.G.L. §28-12-3.

24. The FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half times (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

25. The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" employees from its minimum wage and overtime provisions. 29 U.S.C. §213(a)(1). The exempt or nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U. S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq.*

26. Despite the fact that the Plaintiff was a non-exempt employee, the Defendants failed to pay the Plaintiff minimum wages and overtime premiums on numerous workweeks as required by the FLSA and the RIMWA.

27. The Defendants willfully and repeatedly violated the FLSA and the RIMWA for failing to pay the Plaintiff minimum wages for each hour worked and by employing the Plaintiff for workweeks longer than forty (40) hours in said workweeks, at rates not less than one and one-half times her regular rate at which she was employed.

28. On February 7, 2022, the Defendants notified the Plaintiff that they were closing Defendant Semaj, effective immediately. Thus, the Plaintiff's employment was terminated.

29. The Defendants willfully and repeatedly violated the FLSA and the RIMWA for failing to pay the Plaintiff minimum wages for each hour worked and overtime wages.

30. The Defendants' unlawful actions and/or omissions are in violation of the FLSA and the RIMWA and were motivated by malice and ill will toward the Plaintiff, and the Defendants' actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

31. As a proximate result of the Defendants' unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income and other harm.

## VI. Claims for Relief

32. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-31 of this Complaint in each of the counts below with the same force and effect as if set forth therein.

**Count One**
**Violation of FLSA, 29 U.S.C. §206**

33. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay for all hours worked, thereby causing the Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. §216(b).

### Count Two
### Violation of FLSA, 29 U.S.C. §207

34. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. §216(b).

### Count Three
### Violation of RIMWA, R.I.G.L. §28-12-1, *et seq.*

35. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff for all hours worked, including regular pay and overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### Count Four
### Violation of R.I.G.L. §28-14-19.1, *et seq.*
### (Misclassification)

36. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the R.I.G.L. §28-14-19.1 by

misclassifying the Plaintiff as an independent contractor, thereby causing the Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I.G.L. §28-14-19.2.

## VII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment declaring that the Defendants willfully violated the wage and overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein;

2. in the alternative, a declaratory judgment declaring that the Defendants violated the wage and overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein;

3. enjoining and permanently restraining the Defendants from violating the FLSA, and the RIMWA;

4. award the Plaintiff back pay, including incremental increases and other benefits, plus prejudgment interest thereon;

5. award the Plaintiff liquidated damages pursuant to 29 U.S.C. §216(b) and R.I.G.L. §§28-14-19.2(a).

6. award the Plaintiff interest, reasonable attorney's fees, and costs;

7. award the Plaintiff other appropriate equitable relief pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a); and,

8. grant such other and further relief as this Court deems just and proper.

## VIII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire and Michael D. Pushee, Esquire, as trial counsel.

PLAINTIFF,
By her attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: March 22, 2022

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)
100 Midway Road
Cranston, RI 02920
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com

## CERTIFICATION

I hereby certify that on the 22nd day of March, 2022, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano